# INDEX

**PRELIMINARY INSTRUCTIONS** ............................................................................... 6

PRELIMINARY INSTRUCTION NO. 1 ...................................................................... 7

    INTRODUCTION TO THE TRIAL ....................................................................... 7

PRELIMINARY INSTRUCTION NO. 2 ...................................................................... 8

    INTRODUCTION OF THE PARTIES .................................................................. 8

PRELIMINARY INSTRUCTION NO. 3 ...................................................................... 9

    BACKGROUND OF THE CASE .......................................................................... 9

PRELIMINARY INSTRUCTION NO. 4 .................................................................... 10

    ROLE OF JUDGE, JURY, AND LAWYERS ...................................................... 10

PRELIMINARY INSTRUCTION NO. 5 .................................................................... 11

    SEQUENCE OF INSTRUCTIONS NOT SIGNIFICANT ................................. 11

PRELIMINARY INSTRUCTION NO. 6 .................................................................... 12

    BIAS ...................................................................................................................... 12

PRELIMINARY INSTRUCTION NO. 7 .................................................................... 13

    MULTIPLE PARTIES ......................................................................................... 13

PRELIMINARY INSTRUCTION NO. 8 .................................................................... 14

    EVIDENCE ........................................................................................................... 14

PRELIMINARY INSTRUCTION NO. 9 .................................................................... 15

    TYPES OF EVIDENCE ...................................................................................... 15

PRELIMINARY INSTRUCTION NO. 10 .................................................................. 16

    LIMITED PURPOSE EVIDENCE ...................................................................... 16

PRELIMINARY INSTRUCTION NO. 11 .................................................................. 17

    JUDGE'S QUESTIONS ...................................................................................... 17

PRELIMINARY INSTRUCTION NO. 12 .................................................................. 18

    CREDIBILITY OF WITNESSES ....................................................................... 18

PRELIMINARY INSTRUCTION NO. 13 .................................................................. 19

    BENCH CONFERENCES ................................................................................... 19

PRELIMINARY INSTRUCTION NO. 14 .................................................................. 20

    JUROR'S MEMORY CONTROLS .................................................................... 20

PRELIMINARY INSTRUCTION NO. 15 .................................................................. 21

    JURY NOTES ....................................................................................................... 21

PRELIMINARY INSTRUCTION NO. 16 .................................................................. 22

    OBJECTIONS ...................................................................................................... 22

PRELIMINARY INSTRUCTION NO. 17 ..................................................................... 23

   ORDER OF TRIAL .............................................................................................. 23

PRELIMINARY INSTRUCTION NO. 18 ..................................................................... 24

   RULES APPLICABLE TO RECESSES ............................................................... 24

PRELIMINARY INSTRUCTION NO. 19 ..................................................................... 25

   FURTHER ADMONITION ABOUT ELECTRONIC DEVICES ...................... 25

**FINAL INSTRUCTIONS** ............................................................................................. **26**

   FINAL INSTRUCTION NO. 1 .............................................................................. 27

     CLOSING ROADMAP ...................................................................................... 27

   FINAL INSTRUCTION NO. 2 .............................................................................. 28

     JUROR DUTIES ................................................................................................ 28

   FINAL INSTRUCTION NO. 3 .............................................................................. 29

     SOURCE OF LAW ............................................................................................ 29

   FINAL INSTRUCTION NO. 4 .............................................................................. 30

     NO BIAS OR PREJUDICE AGAINST ANY PARTY ................................... 30

   FINAL INSTRUCTION NO. 5 .............................................................................. 31

     ALL PERSONS EQUAL BEFORE THE LAW .............................................. 31

   FINAL INSTRUCTION NO. 6 .............................................................................. 32

     CLOSING ARGUMENTS ................................................................................ 32

   FINAL INSTRUCTION NO. 7 .............................................................................. 33

     LEGAL RULINGS ............................................................................................ 33

   FINAL INSTRUCTION NO. 8 .............................................................................. 34

     JUDICIAL NEUTRALITY ............................................................................... 34

   FINAL INSTRUCTION NO. 9 .............................................................................. 35

     PREPONDERANCE OF THE EVIDENCE ................................................... 35

   FINAL INSTRUCTION NO. 10 ............................................................................ 36

     EVIDENCE - CLOSING .................................................................................. 36

   FINAL INSTRUCTION NO. 11 ............................................................................ 37

     "EVIDENCE" DEFINED ................................................................................. 37

   FINAL INSTRUCTION NO. 12 ............................................................................ 38

     INCONSISTENT STATEMENTS .................................................................. 38

   FINAL INSTRUCTION NO. 13 ............................................................................ 39

     EXPERT TESTIMONY ................................................................................... 39

   FINAL INSTRUCTION NO. 14 ............................................................................ 40

CONFLICT IN EXPERT TESTIMONY.................................................... 40

FINAL INSTRUCTION NO. 15 ..................................................................... 41

    HABIT - ROUTINE PRACTICE .............................................................. 41

FINAL INSTRUCTION NO. 16 ..................................................................... 42

    INTRODUCTION TO SUBSTANTIVE LAW.......................................... 42

FINAL INSTRUCTION NO. 17 ..................................................................... 43

    ONLY INJURY TO PLAINTIFF IS TO BE CONSIDERED.................... 43

FINAL INSTRUCTION NO. 18 ..................................................................... 44

    PLAINTIFF'S SECTION 1983 CLAIMS ................................................ 44

FINAL INSTRUCTION NO. 19 ..................................................................... 45

    CLAIM ONE: INDIVIDUAL LIABILITY ............................................. 45

FINAL INSTRUCTION NO. 20 ..................................................................... 47

    CLAIM ONE: ELEMENT ONE – SERIOUS MEDICAL NEED ............ 47

FINAL INSTRUCTION NO. 21 ..................................................................... 48

    CLAIM ONE: ELEMENT TWO – KNOWLEDGE ................................. 48

FINAL INSTRUCTION NO. 22 ..................................................................... 49

    CLAIM ONE: ELEMENT THREE – DISREGARD FOR RISK ............ 49

FINAL INSTRUCTION NO. 23 ..................................................................... 50

    CLAIM ONE: ELEMENT FOUR – CAUSATION ................................. 50

FINAL INSTRUCTION NO. 24 ..................................................................... 51

    CLAIMS TWO AND THREE: COUNTY LIABILITY .......................... 51

FINAL INSTRUCTION NO. 25 ..................................................................... 52

    CLAIM TWO: FAILURE TO TRAIN OR SUPERVISE ........................ 52

FINAL INSTRUCTION NO. 26 ..................................................................... 53

    CLAIM TWO: ELEMENT ONE – UNDERLYING CONSTITUTIONAL VIOLATION. 53

FINAL INSTRUCTION NO. 27 ..................................................................... 54

    CLAIM TWO: ELEMENT TWO – FAILURE TO TRAIN OR SUPERVISE .................. 54

FINAL INSTRUCTION NO. 28 ..................................................................... 55

    CLAIM TWO: ELEMENT THREE – DELIBERATE INDIFFERENCE.......................... 55

FINAL INSTRUCTION NO. 29 ..................................................................... 56

    CLAIM TWO: ELEMENT FOUR – DIRECT CAUSATION............................ 56

FINAL INSTRUCTION NO. 30 ..................................................................... 57

    CLAIM THREE: POLICY OR CUSTOM.......................................... 57

FINAL INSTRUCTION NO. 31 ..................................................................... 58

CLAIM THREE: ELEMENT ONE – UNDERLYING CONSTITUTIONAL VIOLATION ................................................................................................................ 58

FINAL INSTRUCTION NO. 32 ................................................................................ 59

   CLAIM THREE: ELEMENT TWO – DEFECTIVE POLICY OR CUSTOM ................. 59

FINAL INSTRUCTION NO. 33 ................................................................................ 60

   CLAIM THREE: ELEMENT THREE – DELIBERATE INDIFFERENCE ...................... 60

FINAL INSTRUCTION NO. 34 ................................................................................ 61

   CLAIM THREE: ELEMENT FOUR – DIRECT CAUSATION ................................... 61

FINAL INSTRUCTION NO. 35 ................................................................................ 62

   INTRODUCTION TO DAMAGES ......................................................................... 62

FINAL INSTRUCTION NO. 36 ................................................................................ 63

   PROOF OF DAMAGES ...................................................................................... 63

FINAL INSTRUCTION NO. 37 ................................................................................ 64

   COMPENSATORY DAMAGES DEFINED .............................................................. 64

FINAL INSTRUCTION NO. 38 ................................................................................ 65

   NON-ECONOMIC DAMAGES DEFINED ............................................................... 65

FINAL INSTRUCTION NO. 39 ................................................................................ 66

   NOMINAL DAMAGES ...................................................................................... 66

FINAL INSTRUCTION NO. 40 ................................................................................ 67

   DUPLICATIVE DAMAGES PROHIBITED .............................................................. 67

FINAL INSTRUCTION NO. 41 ................................................................................ 68

   PUNITIVE DAMAGES ...................................................................................... 68

FINAL INSTRUCTION NO. 42 ................................................................................ 70

   PUNITIVE DAMAGES – STANDARD OF PROOF .................................................. 70

FINAL INSTRUCTION NO. 43 ................................................................................ 71

   ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES .................................. 71

FINAL INSTRUCTION NO. 44 ................................................................................ 72

   VERDICT FORM ............................................................................................. 72

**POST-ARGUMENT INSTRUCTIONS** ................................................................... **73**

POST-ARGUMENT INSTRUCTION NO. 1 ................................................................ 74

   JURY DELIBERATIONS - OVERVIEW .................................................................. 74

POST-ARGUMENT INSTRUCTION NO. 2 ................................................................ 75

   COMMENCEMENT OF DELIBERATIONS .............................................................. 75

POST-ARGUMENT INSTRUCTION NO. 3 ................................................................ 76

   JURY DELIBERATIONS ..................................................................................... 76

POST-ARGUMENT INSTRUCTION NO. 4 ............................................................ 77

    DO NOT SPECULATE OR RESORT TO CHANCE ...................................... 77

POST-ARGUMENT INSTRUCTION NO. 5 ............................................................ 78

    COMMUNICATIONS WITH THE COURT DURING DELIBERATIONS .................... 78

POST-ARGUMENT INSTRUCTION NO. 6 ............................................................ 79

    SCHEDULE FOR DELIBERATIONS ........................................................ 79

# PRELIMINARY INSTRUCTIONS

PRELIMINARY INSTRUCTION NO. 1

## INTRODUCTION TO THE TRIAL

**MEMBERS OF THE JURY**:

You have been selected and sworn as the jury to try the case of *Tristen Calder, as Personal Representative of the Estate of Coby Paugh, v. Uintah County; Kori Anderson; Dan Bunnell; Kyle Fuller; Tyler Conley; and Richard Gowen*. I will give you some instructions now and some later. You are required to consider and follow all of my instructions. Keep an open mind throughout the trial. At the end of the trial, you will discuss the evidence and reach a verdict. You have each taken an oath to "well and truly try the issues in the case now on trial" and render "a true verdict according to the evidence and instructions" that I will give you. The oath is your promise to do your duty as a member of the jury. Be alert. Pay attention. Follow my instructions.

I will give you some preliminary instructions to guide you in your participation in the trial. First, I will explain the nature of the case. Then, I will explain what your duties are as jurors and how the trial will proceed. At the conclusion of the evidence, I will give you more detailed instructions on the required proof and how you should proceed to reach a verdict.

PRELIMINARY INSTRUCTION NO. 2

**INTRODUCTION OF THE PARTIES**

This is a civil case. The party who is bringing this lawsuit is called the "plaintiff," while the parties being sued are called the "defendants." The Plaintiff in this case is the Estate of Coby Lee Paugh. The Estate's personal representative is Tristen Calder. The Defendants in this case are Uintah County, Kori Anderson, Dan Bunnell, Kyle Fuller, Tyler Conley, and Richard Gowen. I will refer to them collectively as the Defendants. You will decide whether the Defendants are liable to the Plaintiff.

PRELIMINARY INSTRUCTION NO. 3

**BACKGROUND OF THE CASE**

To help you understand what you will see and hear, I will now explain the background of
the case.

This case is about the death of Coby Lee Paugh. Mr. Paugh lived in Vernal Utah and was
on probation. As one of the terms of his probation, Mr. Paugh was not permitted, by court order,
to drink alcohol. Nevertheless, Mr. Paugh drank alcohol and turned himself into the Vernal Police
for this violation. Officers took Mr. Paugh to the local hospital emergency room due to his
intoxication and then to the Uintah County Jail. When Mr. Paugh was released from the hospital,
he was given a prescription for Librium, a medicine that you will learn about at trial. An emergency
room doctor also told Vernal Police that Mr. Paugh would need to see a physician if his condition
worsened. Mr. Paugh was found dead in his cell approximately 28 hours after being admitted to
the Uintah County Jail.

Mr. Paugh's Estate brought this action against Uintah County and several of the officers
who worked at the Uintah County Jail at the time of his death. These officers are Kori Anderson,
Dan Bunnell, Kyle Fuller, Tyler Conley, and Richard Gowen. Mr. Paugh's suit alleges that these
Defendants failed to provide adequate medical care in violation of his constitutional rights. You
will have to determine if the Defendants are liable for violating Mr. Paugh's rights.

PRELIMINARY INSTRUCTION NO. 4

## ROLE OF JUDGE, JURY, AND LAWYERS

All of us—judge, jury, and lawyers—are officers of the court and have different roles during the trial:

As the judge, I will supervise the trial, decide legal issues, and instruct you on the law.

As the jury, you must follow the law as you weigh the evidence and decide the factual issues. Factual issues relate to what did, or did not, happen in this case.

The lawyers will present evidence and try to persuade you to decide the case in one way or the other.

Neither the lawyers nor I decide the case. That is your role. Do not be influenced by what you think our opinions might be. Make your decision based on the law given in my instructions and on the evidence presented in court.

Things that you see on television and in the movies may not accurately reflect the way real trials should be conducted. Real trials should be conducted with professionalism, courtesy, and civility.

PRELIMINARY INSTRUCTION NO. 5

**SEQUENCE OF INSTRUCTIONS NOT SIGNIFICANT**

The order in which I give the instructions has no significance. You must consider the instructions in their entirety, giving them all equal weight. I do not intend to emphasize any particular instruction, and neither should you.

PRELIMINARY INSTRUCTION NO. 6

## **BIAS**

You must come to the case without bias. You must not decide this case for or against anyone because you feel sorry for anyone or angry at anyone. You must decide this case based on the facts and the law, without regard to sympathy, passion, or prejudice.

"Person" means an individual, corporation, organization, county government, or other legal entity. The fact that the plaintiff is a natural person's estate and one of the defendants is a county government should not play any part in your deliberations. You must decide this case as if it were between individuals.

PRELIMINARY INSTRUCTION NO. 7

## **MULTIPLE PARTIES**

There are multiple parties in this case, and each party is entitled to have its claims or defenses considered on their own merits. You must evaluate the evidence fairly and separately as to each plaintiff and each defendant. Unless otherwise instructed, all instructions apply to all parties.

Although there are multiple Defendants, that does not mean that they are equally liable or that any of them is liable. Each Defendant is entitled to a fair consideration of its defenses against the Plaintiff's claims. If you conclude that one Defendant is liable, that does not necessarily mean that one or more of the other Defendants are liable.

PRELIMINARY INSTRUCTION NO. 8

**<u>EVIDENCE</u>**

As jurors you will decide whether the Defendants are liable to the Plaintiff. You must base your decision only on the evidence. Evidence usually consists of the testimony and exhibits presented at trial. Testimony is what witnesses say under oath. Exhibits are things like documents, photographs, or other physical objects. What the lawyers say is not evidence. For example, their opening statements and closing arguments are not evidence.

PRELIMINARY INSTRUCTION NO. 9

## **TYPES OF EVIDENCE**

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Statements and arguments of the lawyers are not evidence in the case. But when the parties on both sides agree as to the existence of a fact, you must accept that fact as true.

Unless you are otherwise instructed, anything you may have seen or heard outside of the courtroom is not evidence and must be entirely disregarded.

PRELIMINARY INSTRUCTION NO. 10

**LIMITED PURPOSE EVIDENCE**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose.

PRELIMINARY INSTRUCTION NO. 11

**<u>JUDGE'S QUESTIONS</u>**

During the course of the trial, I might ask a witness a question. Do not assume that I hold any opinion on the matters to which my question related. You as jurors may consider what evidence you deem relevant.

PRELIMINARY INSTRUCTION NO. 12

## <u>CREDIBILITY OF WITNESSES</u>

You are to determine which witnesses to believe, what parts of their testimony you believe, and what weight or value to give that testimony. In making these determinations, you may consider some or all of the following:

(1) the demeanor and deportment of the witness;

(2) the witness' interest in the result of the trial;

(3) any tendency by the witness to favor or disfavor one side or the other;

(4) the probability or improbability of events having occurred the way the witness describes the events;

(5) whether the witness was actually able to see or hear or otherwise perceive the things described;

(6) whether the witness can now accurately recall the things the witness claims to have observed;

(7) whether the witness is able to describe what he or she observed accurately and in a form that you can understand;

(8) whether the witness made earlier statements or expressions that are consistent or inconsistent with what is now being said; or

(9) whether or not the witness speaks the truth.

Whatever tests you use, the value of a witness' testimony is for you to determine.

PRELIMINARY INSTRUCTION NO. 13

## **BENCH CONFERENCES**

From time to time during the trial, it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom or by calling a recess. Please understand that while you are waiting we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion on the case or of what your verdict should be.

PRELIMINARY INSTRUCTION NO. 14

**JUROR'S MEMORY CONTROLS**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult. I urge you to pay close attention to the testimony as it is given.

PRELIMINARY INSTRUCTION NO. 15

## **JURY NOTES**

If you wish, you may take notes to help you remember what a witness said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking prevent you from hearing other answers by the witnesses. When you leave at night you must leave your notes in the jury room.

If you do not take notes, you should rely on your own memory of what was said and not be overly influenced by the notes of other jurors. If you take notes, remember that they are not evidence and may be incomplete. Do not be overly influenced by your notes. Rely on your own memory and the collective memory of the members of the jury.

PRELIMINARY INSTRUCTION NO. 16

## **OBJECTIONS**

Rules govern what evidence may be presented to you. On the basis of these rules, the lawyers may object to proposed evidence. If they do, I will rule in one of two ways. If I sustain the objection, the proposed evidence will not be allowed. If I overrule the objection, the evidence will be allowed.

When I sustain an objection to a question, ignore the question and do not guess what the answer would have been. Sometimes I might order that evidence be stricken from the record and that you disregard or ignore the evidence. When I do so, you must not consider that evidence.

Do not evaluate the evidence on the basis of whether objections are made. Do not allow yourselves to be to be influenced by my rulings. If I receive evidence after it is objected to by one of the lawyers, that only means that you may have that evidence for your consideration. What weight or value you place upon it is still for you to determine.

You must not disfavor lawyers who make a legal objection to evidence. That is their job.

PRELIMINARY INSTRUCTION NO. 17

**ORDER OF TRIAL**

I will now explain how the trial will unfold. The lawyers for both sides will make opening statements. An opening statement gives an overview of the case from one point of view and summarizes what the lawyer thinks the evidence will show. You will then hear the Plaintiff's evidence. Evidence is usually presented by calling and questioning witnesses. What they say is called testimony. A witness is questioned first by the lawyer who called that witness. This is called direct examination. After direct examination, the opposing lawyer may then question the witness. This is called cross-examination.

Consider all testimony, whether from direct or cross-examination, regardless of who calls the witness. After the Plaintiff has presented all their evidence, the Defendants will present their respective evidence. The parties may later offer more evidence, called rebuttal evidence, after hearing the witnesses and seeing the exhibits.

After both sides have presented all of their evidence, I will give you final instructions on the law you must follow in reaching a verdict. You will then hear closing arguments from the lawyers. The Plaintiff will speak first, followed by the Defendants. The Plaintiff will then have the final opportunity to address you because they have the burden of proof. Finally, you will deliberate in the jury room where you will discuss the case and reach a verdict. Keep an open mind until then.

PRELIMINARY INSTRUCTION NO. 18

**RULES APPLICABLE TO RECESSES**

From time to time, I will call a recess. It may be for a few minutes or longer. During recesses, do not talk about this case with anyone—not family, not friends, not even each other. Until the trial is over, do not mingle or talk with the lawyers, parties, witnesses, or anyone else connected with the case. Court clerks or bailiffs can answer general questions, such as the length of breaks or the location of restrooms. But they cannot comment about the case or anyone involved. The goal is to avoid the impression that anyone is trying to influence you improperly. If people involved in the case seem to ignore you outside of court, they are just following this instruction.

Until the trial is over, do not read or listen to any news reports about this case. Do not do any research or visit any locations related to this case. If you inadvertently hear or see news stories about the case or if you observe anything that seems to violate this instruction, report it immediately to a clerk or bailiff.

PRELIMINARY INSTRUCTION NO. 19

## FURTHER ADMONITION ABOUT ELECTRONIC DEVICES

Jurors have caused serious problems during trials by using computer and electronic communication technology. You may be tempted to use these devices to investigate the case or to share your thoughts about the trial with others. However, you must not use any of these electronic devices while you are serving as a juror.

You violate your oath as a juror if you conduct your own investigations or communicate about this trial with others, and you may face serious consequences if you do. Let me be clear: do not "Google" the parties, witnesses, issues, or counsel; do not "Tweet" or text about the trial; do not use your phone to gather or send information on the case; do not post updates about the trial on Facebook pages; do not use Wikipedia or other internet information sources, etc. Even using something as seemingly innocent as "Google Maps" can result in a mistrial.

Please understand that the rules of evidence and procedure have developed over hundreds of years in order to ensure the fair resolution of disputes. The fairness of the entire system depends on you reaching your decisions based on evidence presented to you in court, and not on other sources of information.

Post-trial investigations are common and can disclose these improper activities. If they are discovered, they will be brought to my attention and the entire case might have to be retried, at substantial cost.

# FINAL INSTRUCTIONS

FINAL INSTRUCTION NO. 1

## CLOSING ROADMAP

### MEMBERS OF THE JURY:

You now have all of the evidence. Three things remain to be done:

First, I will give you additional instructions that you will follow in deciding this case.

Second, the lawyers will give their closing arguments. The Plaintiff will go first, then the Defendants. Because the Plaintiff has the burden of proof, the Plaintiff may give a rebuttal.

Finally, you will go to the jury room to discuss and decide the case.

FINAL INSTRUCTION NO. 2

## **JUROR DUTIES**

You have two main duties as jurors.

The first is to decide from the evidence what the facts are. Deciding what the facts are is your job, not mine.

The second duty is to take the law I give you in these instructions, apply it to the facts, and decide if the Plaintiff has met the burden of proof on their claims.

You are bound by your oath to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions I gave you before trial, any instructions I may have given you during trial, and these instructions. All the instructions are important, and you should consider them as a whole. The order in which the instructions are given does not mean that some instructions are more important than others. Whether any particular instruction applies may depend upon what you decide are the true facts of the case. If an instruction applies only to facts or circumstances you find do not exist, you may disregard that instruction.

FINAL INSTRUCTION NO. 3

**SOURCE OF LAW**

You are to look to these instructions as the sole source of the law that applies in this case. Some evidence may have included references to statutes or other statements of the law. In the event of any inconsistency between such statements and these instructions, these instructions control.

FINAL INSTRUCTION NO. 4

## NO BIAS OR PREJUDICE AGAINST ANY PARTY

You have been chosen as jurors in this case to try the issues of fact presented by the allegations of the parties. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You are to perform this duty without bias or prejudice as to any party. You must not be influenced by any personal likes or dislikes, opinions, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. The Defendants and the Plaintiff expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict.

FINAL INSTRUCTION NO. 5

## **ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. People in government or county governments themselves do not stand in any higher or lower station in the community than other persons, and their testimony is not entitled to any greater or lesser weight. All persons stand equal before the law and are to be dealt with as equals in the courtroom.

FINAL INSTRUCTION NO. 6

## **CLOSING ARGUMENTS**

When the lawyers give their closing arguments, keep in mind that they are advocating their views of the case. What they say during their closing arguments is not evidence. If the lawyers say anything about the evidence that conflicts with what you remember, you are to rely on your memory of the evidence. If they say anything about the law that conflicts with these instructions, you are to rely on these instructions.

FINAL INSTRUCTION NO. 7

## **LEGAL RULINGS**

During the trial, I have made certain legal rulings. I made those rulings based on the law, and not because I favor one side or the other. However, if I sustained an objection, if I did not accept evidence offered by one side or the other, or if I ordered that certain testimony be stricken, then you must not consider those things in reaching your verdict.

FINAL INSTRUCTION NO. 8

## **JUDICIAL NEUTRALITY**

As the judge, I am neutral. If I have said or done anything that makes it appear that I have an opinion about the merits of the parties' claims or defenses, that was not my intention. Do not interpret anything I have said or done, or any question that I may have asked, as an indication that I have any particular view of the evidence or of the decision you should reach. Also, nothing in these instructions or the verdict form that I will give you is meant to suggest what your verdict should be.

FINAL INSTRUCTION NO. 9

## **PREPONDERANCE OF THE EVIDENCE**

You may have heard that in a criminal case proof must be beyond a reasonable doubt, but this is not a criminal case. In a civil case such as this one, a different level of proof applies: proof by a preponderance of the evidence. This is a lower burden of proof than "beyond a reasonable doubt."

When I tell you that a party must prove something by a "preponderance of the evidence," I mean that the party must persuade you, by the evidence, that the fact is more likely to be true than not true. Another way of saying this is proof by the greater weight of evidence, however slight.

The preponderance of the evidence is not determined simply by counting the number of witnesses or the amount of the testimony. Rather, it is determined by evaluating the persuasive character of the evidence. In weighing the evidence, you should consider all of the evidence that applies to a fact, no matter which party presented it. The weight to be given to each piece of evidence is for you to decide.

When answering questions asked on the verdict form that apply the preponderance of the evidence standard, if you find that the Plaintiff's claim is more likely true than not true, you should answer that question with a "Yes." If, however, the evidence appears to be equally balanced or in favor of the Defendants' position, then you must answer that question with a "No."

If the evidence should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, then you should find for the Defendant as to that claim.

FINAL INSTRUCTION NO. 10

### <u>EVIDENCE - CLOSING</u>

You must base your decision only on the evidence that you saw and heard here in court. Evidence includes what the witnesses said while they were testifying under oath and any exhibits admitted into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions are not evidence. Their objections are not evidence. My legal rulings and comments, if any, are not evidence. In reaching a verdict, consider all the evidence as I have defined it here, and nothing else. You may also draw all reasonable inferences from that evidence.

FINAL INSTRUCTION NO. 11

## **"EVIDENCE" DEFINED**

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have presented them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in this case. But when the parties stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the statements of the witnesses. On the contrary, you are permitted to draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case. In the absence of such facts, you may not draw an inference.

You should weigh all of the evidence in the case, affording each piece of evidence the weight or significance that you find it reasonably deserves.

FINAL INSTRUCTION NO. 12

## **INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that the witness previously said or did something, or failed to say or do something, that is inconsistent with the testimony the witness gave at this trial.

If a prior statement was made under oath, you may consider it as evidence of the truth of the matter contained in that prior statement. Otherwise, earlier statements of a witness are not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and whether they affect the credibility of that witness. If you believe that a witness has been discredited, you may give the testimony of that witness whatever weight you think it deserves.

FINAL INSTRUCTION NO. 13

## **EXPERT TESTIMONY**

The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence. An exception to this rule exists in the case of expert witnesses. A person who, by education, study, experience, skill, knowledge, and training in a particular art, science, profession, or occupation, may give his or her opinion as an expert witness regarding such matters if they are relevant to the case. You should consider such expert opinion and should weigh the reasons, if any, given for it. You are not bound, however, by such an opinion. Give it the weight to which you feel it is entitled, or you may reject it in whole or in part if, in your judgment, the reasons given for the opinion are unsound.

FINAL INSTRUCTION NO. 14

**CONFLICT IN EXPERT TESTIMONY**

If you find that a conflict exists in the testimony of the expert witnesses, you must resolve that conflict by weighing the various opinions and reasons for such opinions given by each of the experts, as well as the relative credibility and knowledge of the experts who have testified.

FINAL INSTRUCTION NO. 15

## HABIT - ROUTINE PRACTICE

You may consider evidence of the habit of a person or of the routine of a business or organization in determining whether the conduct of a person or organization on a particular occasion was in conformity with the habit or routine practice.

FINAL INSTRUCTION NO. 16

## INTRODUCTION TO SUBSTANTIVE LAW

Now that I have explained the procedures and general instructions, I will explain the specific laws for each of the claims at issue in this case.

FINAL INSTRUCTION NO. 17

**<u>ONLY INJURY TO PLAINTIFF IS TO BE CONSIDERED</u>**

Only an injury suffered by Mr. Paugh may be considered in this trial. Even though this suit is brought by Mr. Paugh's sister, Ms. Calder, she does so on behalf of Mr. Paugh's Estate. In determining damages to be awarded, injury to Ms. Calder or other members of Mr. Paugh's family may not be considered.

FINAL INSTRUCTION NO. 18

**<u>PLAINTIFF'S SECTION 1983 CLAIMS</u>**

Mr. Paugh's Estate brings three claims under Section 1983, a civil rights law that provides a remedy to those who have been deprived of a federal constitutional right. First, Plaintiff contends that Kori Anderson, Dan Bunnell, Kyle Fuller, Tyler Conley, and Richard Gowen, while acting under color of law, deprived Mr. Paugh of his constitutional right to adequate medical care by their deliberate indifference to his serious medical need.

Second, Plaintiff contends that Uintah County's failure to adequately train or supervise its employees deprived Mr. Paugh of his constitutional right to adequate medical care in deliberate indifference to his serious medical need.

Third, Plaintiff contends that Uintah County adopted a policy or custom that deprived Mr. Paugh of his constitutional right to adequate medical care in deliberate indifference to his serious medical need.

It is the Plaintiff's burden to establish these claims. I will now explain the elements that Mr. Paugh's Estate must prove for you to find the Defendants liable on each claim.

FINAL INSTRUCTION NO. 19

**CLAIM ONE: INDIVIDUAL LIABILITY**

The government has a constitutional obligation to provide medical care to those whom it is punishing by detention, including those who have been charged with a crime but not convicted.

Mr. Paugh's Estate brings its first claim against the jail official Defendants—Kori Anderson, Dan Bunnell, Kyle Fuller, Tyler Conley, and Richard Gowen—asserting that each was deliberately indifferent to Mr. Paugh's serious medical needs, leading to his death.

To establish that a Defendant was deliberately indifferent, the Estate must prove each of the following four elements by a preponderance of the evidence:

1. *Mr. Paugh had a serious medical need.* See Final Instruction No. 20 for more detail about this element.

2. *The Defendant was actually aware of facts from which he or she could draw an inference that Mr. Paugh faced a substantial risk of serious harm and that he or she drew that inference, or the Defendant strongly suspected facts showing a strong likelihood that Mr. Paugh faced a substantial risk of serious harm but failed to confirm whether those facts were true.* See Final Instruction No. 21 for more detail about this element.

3. *The Defendant disregarded the substantial risk of serious harm.* See Final Instruction No. 22 for more detail about this element.

4. *The Defendant's disregard for the substantial risk to Mr. Paugh's health and safety caused serious harm to Mr. Paugh.* See Final Instruction No. 23 for more detail about this element.

If you find that Mr. Paugh's Estate has proven each of these elements by a preponderance of the evidence for a particular Defendant, then you must decide for Mr. Paugh on this claim as to that Defendant and go on to consider the question of damages against that Defendant. If, on the other hand, you find that Mr. Paugh's Estate has failed to prove any one of these elements for a particular Defendant by a preponderance of the evidence, then you must decide for that Defendant and you will not consider the question of damages in relation to that Defendant.

To be clear, you must analyze the conduct of each Defendant using this framework and may not lump their actions or knowledge together. You must determine for each Defendant whether he or she violated Mr. Paugh's constitutional rights.

FINAL INSTRUCTION NO. 20

## CLAIM ONE: ELEMENT ONE – SERIOUS MEDICAL NEED

A serious medical need is a condition that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

It is the harm claimed by the prisoner that must be sufficiently serious, and not the symptoms presented at the time the jail employee has contact with the inmate. This element is satisfied if the inmate at issue died as a result of his medical condition. The parties agree that because Mr. Paugh died, Plaintiff has established this element.

FINAL INSTRUCTION NO. 21

## **CLAIM ONE: ELEMENT TWO – KNOWLEDGE**

To prevail on its deliberate indifference claim against each Defendant, Mr. Paugh's Estate must prove either that the Defendant was actually aware of facts from which he or she could draw an inference that Mr. Paugh faced a substantial risk of serious harm and that he or she drew that inference, or that the Defendant strongly suspected facts showing a strong likelihood that Mr. Paugh faced a substantial risk of serious harm but failed to confirm whether those facts were true.

This does not require that a Defendant knew or strongly suspected that Mr. Paugh was suffering from alcohol withdrawal in particular, but rather that he or she knew of or strongly suspected that there was a substantial risk to Mr. Paugh's health and safety.

You may conclude that a jail official knew of the substantial risk of harm by circumstantial evidence or from the very fact that the risk was obvious. In other words, if a risk is so obvious that a reasonable person would recognize it, you may infer that a Defendant did in fact recognize it. And while a failure to adhere to jail regulations or policies does not alone establish a constitutional violation, it certainly provides circumstantial evidence that a prison official knew of a substantial risk of serious harm.

In deciding the matter of each of the Defendant's state of mind, you may only consider information that he or she was actually aware of or suspected at the relevant time. You should not consider information that was known only to other Defendants, officials, medical personnel, inmates, or third parties.

FINAL INSTRUCTION NO. 22

## CLAIM ONE: ELEMENT THREE – DISREGARD FOR RISK

In order to find that a Defendant disregarded a substantial risk of serious harm, you need not find an express intent to harm Mr. Paugh or that the Defendant failed to act believing that harm would actually befall Mr. Paugh. It is enough that the Defendant failed to act despite his or her knowledge of a substantial risk of serious harm. Mere negligence or inadvertence, however, does not establish a constitutional violation. Similarly, a failure to adhere to jail regulations or policies does not alone establish disregard for Mr. Paugh's health and safety. You may infer conscious disregard when a prison official responds to an obvious risk with care, or lack thereof, that is patently unreasonable. You may also infer conscious disregard when a prison official fails to verify facts that he or she strongly suspects to be true or declines to confirm the existence of a risk he or she strongly suspects to exist.

FINAL INSTRUCTION NO. 23

## CLAIM ONE: ELEMENT FOUR – CAUSATION

To satisfy the final element of the claim against the individual Defendants, the Estate must show that a Defendant's disregard for the substantial risk to Mr. Paugh's health and safety caused serious harm to Mr. Paugh.

As used in the law, the word "cause" has a special meaning, and you must use this meaning when you apply the word. "Cause" means that:

(1)    The person's act or failure to act produced the harm directly or set in motion events that produced the harm in a natural and continuous sequence; and

(2)    The person's act or failure to act could be foreseen by a reasonable person to produce a harm of the same general nature. There may be more than one cause of the same harm.

FINAL INSTRUCTION NO. 24

## CLAIMS TWO AND THREE: COUNTY LIABILITY

Plaintiff asserts two separate claims under which Uintah County may be liable to Mr. Paugh's Estate. The first claim is that the County failed to adequately train or supervise its employees and that this lack of adequate training or supervision caused a violation of Mr. Paugh's rights. The second claim is that the County adopted a constitutionally defective policy or custom that caused a violation of Mr. Paugh's rights.

The claim for lack of adequate training and supervision is addressed in Final Instruction Nos. 25-29. The claim for a defective policy or custom is addressed in Final Instruction Nos. 30-34.

FINAL INSTRUCTION NO. 25

**CLAIM TWO: FAILURE TO TRAIN OR SUPERVISE**

Claim two is that the County failed to adequately train or supervise its employees and that this lack of adequate training or supervision caused a violation of Mr. Paugh's rights.

To establish liability against Uintah County for its failure to train or supervise, Plaintiff must prove four elements by the preponderance of the evidence:

1. *That there was an underlying violation of Mr. Paugh's constitutional rights.* See Jury Instruction No. 26 for more detail about this element.

2. *That Uintah County failed to adequately train or supervise its employees.* See Jury Instruction No. 27 for more detail about this element.

3. *That Uintah County's failure to adequately train or supervise its employees was a result of the Uintah County Sheriff's deliberate indifference to the injuries that this failure may cause.* See Jury Instruction No. 28 for more detail about this element.

4. *That Uintah County's failure to adequately train or supervise directly caused an actual constitutional injury to Mr. Paugh.* See Jury Instruction No. 29 for more detail about this element.

I will now describe the legal meaning of each of the four elements and what Plaintiff must show to prove each element.

FINAL INSTRUCTION NO. 26

**CLAIM TWO: ELEMENT ONE – UNDERLYING CONSTITUTIONAL VIOLATION**

Plaintiff may only hold the County liable based on the County's failure to train or supervise if it shows that one or more improperly trained or supervised officer individually violated Mr. Paugh's constitutional rights due to his or her lack of supervision or training.

Thus, if you do not find one or more of the other Defendants in this case liable for violating Mr. Paugh's constitutional rights, you cannot hold the County liable under the theory that the County failed to train or supervise its employees.

FINAL INSTRUCTION NO. 27

## **CLAIM TWO: ELEMENT TWO – FAILURE TO TRAIN OR SUPERVISE**

Element two is satisfied if the Estate can show that the County failed to adequately train or supervise its employees.

FINAL INSTRUCTION NO. 28

## CLAIM TWO: ELEMENT THREE – DELIBERATE INDIFFERENCE

The deliberate indifference element is satisfied if the Uintah County Sheriff had actual or constructive notice that the County's failure to adequately train or supervise its employees was substantially certain to result in a constitutional violation, and consciously or deliberately chose to disregard the risk of harm.

In most instances, notice can only be established by proving the existence of a pattern of unconstitutional behavior. In a narrow range of circumstances, however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a county's failure to adequately train or supervise.

FINAL INSTRUCTION NO. 29

### CLAIM TWO: ELEMENT FOUR – DIRECT CAUSATION

To establish the fourth element of claim two, there must be a direct causal link between the County's failure to adequately train or supervise its employees and the violation of Mr. Paugh's constitutionally protected right. This requirement is satisfied if Mr. Paugh's Estate shows that the County was the moving force behind Mr. Paugh's death.

FINAL INSTRUCTION NO. 30

## **CLAIM THREE: POLICY OR CUSTOM**

Claim three is that the County adopted a constitutionally defective policy or custom that harmed Mr. Paugh. To establish liability against Uintah County, Plaintiff must prove four elements by the preponderance of the evidence:

1. *That there was an underlying violation of Mr. Paugh's constitutional rights*. See Jury Instruction No. 31 for more detail about this element.

2. *That Uintah County had a constitutionally defective policy or custom.* See Jury Instruction No. 32 for more detail about this element.

3. *That the Uintah County Sheriff adopted or implemented this constitutionally defective policy or custom with deliberate indifference.* See Jury Instruction No. 33 for more detail about this element.

4. *That the constitutionally defective policy or custom directly caused an actual constitutional injury to Mr. Paugh.* See Jury Instruction No. 34 for more detail about this element.

I will now describe the legal meaning of each of the four elements and what Plaintiff must show to prove each element.

FINAL INSTRUCTION NO. 31

## CLAIM THREE: ELEMENT ONE – UNDERLYING CONSTITUTIONAL VIOLATION

First, Plaintiff must show an underlying constitutional violation of Mr. Paugh's constitutional rights before the County itself may be held liable. Plaintiff may show this in one of two ways.

1. If you find that any other Defendant in this case violated Mr. Paugh's constitutional rights through actions taken pursuant to a County policy or custom, then Plaintiff has established the first element of this claim.

2. Sometimes a county policy or custom devolves responsibilities across multiple officers. In those situations, the policy or custom may be unconstitutional precisely because it fails to ensure that any single officer is positioned to prevent a constitutional violation. Thus, if you find that the sum of multiple Uintah County Jail officers' actions taken pursuant to a County policy or custom violated Mr. Paugh's constitutional rights, then Plaintiff has established the first element of this claim.

If you find that Mr. Paugh's constitutional rights were not violated, then Plaintiff cannot establish the first element of this claim.

FINAL INSTRUCTION NO. 32

**CLAIM THREE: ELEMENT TWO – DEFECTIVE POLICY OR CUSTOM**

A defective policy or custom may take the form of <u>any</u> of the following:

1. A formal regulation or policy statement;

2. An informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;

3. The decisions of the Uintah County Sheriff who, as a matter of law, is the final policymaker; or

4. The ratification by the Uintah County Sheriff of the decisions—and the basis for them— by subordinates to whom authority was delegated subject to the Sheriff's review and approval.

FINAL INSTRUCTION NO. 33

## CLAIM THREE: ELEMENT THREE – DELIBERATE INDIFFERENCE

The deliberate indifference element is satisfied if the Uintah County Sheriff had actual or constructive notice that the County's action or failure to act was substantially certain to result in a constitutional violation, and consciously or deliberately chose to disregard the risk of harm.

In most instances, notice can only be established by proving the existence of a pattern of unconstitutional behavior. In a narrow range of circumstances, however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a county's action or inaction.

FINAL INSTRUCTION NO. 34

## CLAIM THREE: ELEMENT FOUR – DIRECT CAUSATION

To establish the fourth element of claim three, there must be a direct causal link between the challenged policy or custom and the violation of Mr. Paugh's constitutionally protected right. This requirement is satisfied if Mr. Paugh's Estate shows that the County was the moving force behind Mr. Paugh's death.

FINAL INSTRUCTION NO. 35

## **INTRODUCTION TO DAMAGES**

I will now instruct you regarding damages for the Plaintiff's claims. My instructions are given as a guide for calculating Plaintiff's damages on these claims if you find that Plaintiff is entitled to them. But if you decide that Plaintiff is not entitled to recover damages, then you must disregard these instructions.

If you decide that a Defendant's fault caused injury to Mr. Paugh, you must decide how much money will fairly and adequately compensate Mr. Paugh's Estate for that injury. Even though this suit is brought by Mr. Paugh's sister, Tristen Calder, she only does so on behalf of Mr. Paugh (i.e., his estate). This means you may only consider injuries to Mr. Paugh. You may not award any damages for any loss experienced by Mr. Paugh's family.

FINAL INSTRUCTION NO. 36

## **PROOF OF DAMAGES**

To be entitled to damages, a plaintiff must prove two things:

First, that damages occurred. There must be a reasonable probability, not just speculation, that the plaintiff suffered damages from the defendant's fault.

Second, the amount of damages. The level of evidence required to prove the amount of damages is not as high as what is required to prove the occurrence of damages. But there must still be evidence—not just speculation—that gives a reasonable estimate of the amount of damages. The law does not require mathematical certainty.

If the Estate proves that it has been damaged and has established a reasonable estimate of those damages, a Defendant may not escape liability because of some uncertainty in the amount of damages.

FINAL INSTRUCTION NO. 37

**COMPENSATORY DAMAGES DEFINED**

If you find in favor of Mr. Paugh's Estate on one or more of its claims, then you must determine the amount of money that will fairly compensate it for any injury it sustained as a direct result of a Defendant's actions. Compensatory damages include the physical and mental aspects of injury, even if they are not easy to measure. The damages sought in this case are non-economic. These damages are explained more fully in the following instructions.

FINAL INSTRUCTION NO. 38

## NON-ECONOMIC DAMAGES DEFINED

Non-economic damages are the amount of money that will fairly and adequately compensate the plaintiff for losses other than economic losses.

Non-economic damages are not capable of being exactly measured, and there is no fixed rule, standard, or formula for them. Non-economic damages must still be determined even though they may be difficult to compute. It is your duty to make this determination with calm and reasonable judgment. The law does not require the testimony of any witness to establish the amount of non-economic damages.

You may calculate non-economic damages for the loss of such things as love, companionship, society, comfort, pleasure, advice, care, protection, and affection that Mr. Paugh has sustained and will sustain in the future. You may also include the extent to which Mr. Paugh was limited in enjoyment of life or the extent to which Mr. Paugh was prevented from pursuing his ordinary affairs—such as activities of daily living, occupation of choice, or social leisure activities. And you may add the mental, physical, and emotional pain and suffering experienced by Mr. Paugh in the Uintah County Jail as a result of a constitutional violation.

FINAL INSTRUCTION NO. 39

## **NOMINAL DAMAGES**

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. This is because merely suffering constitutional deprivation is an injury that must be recognized.

Therefore, if you return a verdict for the Estate on a particular claim, but find that it has failed to prove damages by a preponderance of the evidence, then you must return an award of nominal damages of one dollar on the particular claim.

FINAL INSTRUCTION NO. 40

## DUPLICATIVE DAMAGES PROHIBITED

Plaintiff seeks damages from several Defendants and for several claims. You cannot award the same damages more than once. The *total* amount of damages you award, if any, to Mr. Paugh's Estate must equal the sum of the damages awarded against all of the Defendants on all claims.

FINAL INSTRUCTION NO. 41

**<u>PUNITIVE DAMAGES</u>**

In addition to compensatory damages, Plaintiff seeks to recover punitive damages against each of the individual Defendants. There is no claim for punitive damages against Uintah County. Punitive damages are intended to punish a wrongdoer for extraordinary misconduct and to discourage others from similar conduct. They are not intended to compensate plaintiffs for their loss.

Punitive damages may only be awarded if the Estate has proven by clear and convincing evidence that a Defendant's conduct:

1. was willful and malicious; or

2. manifested a knowing and reckless indifference toward, and a disregard of, Mr. Paugh's rights.

Conduct is "willful and malicious" if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

"Knowing and reckless indifference" means that (a) the defendant knew that such conduct would, in a high degree of probability, result in substantial harm to another; and (b) the conduct was highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a high degree of danger or harm would be apparent to a reasonable person.

Punitive damages are not awarded for mere inadvertence, mistakes, errors of judgment and the like, which constitute ordinary negligence.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of

any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

FINAL INSTRUCTION NO. 42

**PUNITIVE DAMAGES – STANDARD OF PROOF**

Punitive damages against an individual Defendant must be proved by a higher level of proof called "clear and convincing evidence." Clear and convincing means that the party must persuade you, by the evidence, to the point that there remains no serious or substantial doubt as to the truth of the fact. Proof by clear and convincing evidence requires a greater degree of persuasion than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt.

The Verdict Form will therefore ask you whether Mr. Paugh's Estate has established punitive damages claims against the individual Defendants by clear and convincing evidence.

FINAL INSTRUCTION NO. 43

## ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

You may consider the arguments of the lawyers to assist you in deciding the amount of any damages, but their arguments are not evidence.

FINAL INSTRUCTION NO. 44

## **VERDICT FORM**

I am going to give you a form called the Verdict Form that contains questions for you to answer. You must answer the questions based upon these instructions and the evidence you have seen and heard during this trial. Please bear in mind that each question on the form is important.

# POST-ARGUMENT INSTRUCTIONS

POST-ARGUMENT INSTRUCTION NO. 1

## JURY DELIBERATIONS - OVERVIEW

You have now heard all of the evidence and the arguments of counsel. In a moment you will be escorted to the jury room and each of you will be provided with a copy of the instructions that I have given you. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson who will preside over your deliberations and be your spokesperson here in the courtroom. I suggest that you should then review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law as stated in the instructions.

Once you have reviewed the instructions, you may also wish to review the Verdict Form to understand the questions you will need to answer. I would also suggest that before you begin discussing the issues presented to you for resolution, you may find it helpful for each of you to write down your own views about the case. This may help you to clarify your own thinking about the issues.

You should then begin to deliberate. When you have reached unanimous agreement as to your verdict, you will have the foreperson fill in the Verdict Form, date and sign the form, and then return your verdict to the courtroom.

Your deliberations will be confidential. You will not be required to explain your verdict to anyone.

POST-ARGUMENT INSTRUCTION NO. 2

## **COMMENCEMENT OF DELIBERATIONS**

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, his or her sense of pride may be aroused, and he or she may hesitate to recede from an announced position if shown that it is wrong. Remember that you are not partisans or advocates in this matter, but are judges.

POST-ARGUMENT INSTRUCTION NO. 3

## **JURY DELIBERATIONS**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. This means each of you must agree on the answer to each question on the Special Verdict form.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is wrong. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

POST-ARGUMENT INSTRUCTION NO. 4

## **DO NOT SPECULATE OR RESORT TO CHANCE**

When you deliberate, do not flip a coin, speculate, or choose one juror's opinions at random. Evaluate the evidence and come to a decision that is supported by the evidence.

POST-ARGUMENT INSTRUCTION NO. 5

## **COMMUNICATIONS WITH THE COURT DURING DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with the court, you may send a note through a court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with the court by any means other than a signed writing; and the court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that he, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person—not even to the court—how the jury stands numerically or otherwise until you have reached a unanimous verdict.

POST-ARGUMENT INSTRUCTION NO. 6

## SCHEDULE FOR DELIBERATIONS

During your deliberations, you are able as a group to set your own schedule for deliberations. I would suggest that you not feel pressure to continue your deliberations if you feel so exhausted or stressed that you may risk compromising your conviction simply to finish your deliberations. A good nights rest and time for reflection may be helpful to resolve doubts you may have. You may, however, deliberate as late as you wish or recess at an appropriate time set by yourselves. You may set your own schedule for lunch and dinner breaks.

I do ask, however, that you notify the court by a note when you plan to recess for the evening.