IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TRISTEN CALDER**, as personal representative of the estate of **COBY LEE PAUGH**,<br><br>                             Plaintiff,<br>v.<br><br>**UINTAH COUNTY**, et al.,<br><br>                             Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-CV-1249-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

The court entered judgment against Plaintiff on August 18, 2023. ECF No. 230. Defendants then filed their bill of costs on September 11, 2023. ECF No. 231. The clerk of court concluded that total costs taxed and allowed are $13,089.98 and are included in the Judgment. ECF No. 244.[1] Plaintiff had the opportunity to file a motion to request the court's review of the clerk's action within seven days. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). Two days after that deadline had passed, Plaintiff filed two motions, neither of which is opposed. First, Plaintiff filed a motion to extend time to request judicial review of taxation of costs. ECF No. 245. Plaintiff then filed a motion to request judicial review of taxation of costs. ECF No. 246. For the reasons stated herein, Plaintiff's motion to extend time (ECF No. 245) is **GRANTED** and Plaintiff's motion to request judicial review of taxation of costs (ECF No. 246) is **DENIED**.

---

[1] The Clerk of Court informed Plaintiff that arguments regarding the equity of awarding costs could be raised before the court by filing an appropriate motion. *See* ECF No. 244, at 2 (citing Fed. R. Civ. P. 54(d)(1); DUCivR 54-2(b)(2)(E)).

## I.   MOTION TO EXTEND TIME

"Courts may allow untimely filings 'if the party failed to act because of excusable neglect.'" *Perez v. Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting Fed. R. Civ. P. 6(b)(1)(B)). Excusable neglect may be shown through four factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was beyond the movant's reasonable control, and (4) good faith. *See id.*; *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted).

Plaintiff's motion to extend time was filed on January 26, 2024, two days after the deadline to file a motion requesting judicial review of the taxation of costs had passed. *See* Fed. R. Civ. P. 54(d)(1); *see also* DUCivR 54-2(b)(2)(E) ("A party may seek judicial review of the taxation of costs by filing a motion within 7 days of the clerk's entry of the bill of costs."). Nonetheless, the court finds that each excusable neglect factor weighs in favor of granting Plaintiff's motion to extend time under Federal Rule of Civil Procedure 6(b)(1)(B). There is not danger of prejudice to the Defendants because Plaintiff's motion is unopposed, the extension of time is short, and the case is currently closed. Those facts also demonstrate that granting Plaintiff's motion to extend would neither cause significant delay nor impact judicial proceedings. Plaintiff has provided a reason for the delay that was beyond its control—Plaintiff's counsel was unexpectedly called to assist with a two-day jury trial within the seven-day period after the Clerk entered the taxation of costs. No bad faith or improper motive appears to have caused the delay. The court therefore grants Plaintiff's motion to extend time, finding that Plaintiff's two-day delay in filing its motion to request judicial review of the taxation of costs was caused by excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

## II. MOTION TO REQUEST JUDICIAL REVIEW OF TAXATION OF COSTS

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and District of Utah Local Rule of Civil Practice 54-2(b)(2)(E), "Plaintiff requests judicial review of the Court Clerk's Taxation of Costs filed January 17, 2024." ECF No. 246. This cursory request constitutes the entirety of Plaintiff's motion for judicial review of taxation of costs.

A motion before this court "must include the following: (A) an initial separate section stating succinctly the specific relief sought and the grounds for the relief; and (B) a recitation of relevant facts, supporting authority, and argument." DUCivR 7-1(a)(1).[2] Plaintiff's motion contains neither required element. The motion requests "judicial review" without setting forth what error or issue the taxation of costs might contain that judicial review might remedy. And Plaintiff's motion contains no facts, authority, or argument in support of its request for relief. In short, the motion is void of any substantive argument. The court therefore denies Plaintiff's motion for judicial review of taxation of costs.

**ORDER**

For the reasons stated herein, Plaintiff's motion to extend time (ECF No. 245) is **GRANTED** and Plaintiff's motion to request judicial review of taxation of costs (ECF No. 246) is **DENIED**.

Signed February 15, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[2] The requirement to include facts and supporting authority under DUCivR 7-1(a)(1)(B) does not apply to every motion. *See* DUCivR 7-1(a)(2) (listing motions that do not require all of the same elements). But a motion for judicial review of taxation of costs is not among those motions to which a different standard applies.