IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TRISTEN CALDER**, as personal representative of the estate of **COBY LEE PAUGH**,<br><br>              Plaintiff,<br><br>v.<br><br>**UINTAH COUNTY**; **KORI ANDERSON**; **DAN BUNNELL**; **KYLE FULLER**; **TYLER CONLEY**; and **RICHARD GOWEN**,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FOR A NEW TRIAL**<br><br>Case No. 2:17-CV-01249-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

At trial, Plaintiff filed a timely motion for a directed verdict. ECF No. 220. The court heard argument on the matter and denied Plaintiff's motion. *Id.* On August 18, 2023, the jury returned a verdict finding against Plaintiff on all three claims. ECF No. 229. Now before the court is Plaintiff's renewed motion for judgment as a matter of law, or in the alternative, for a new trial. ECF No. 234. In the motion, Plaintiff requests that the court enter judgment as a matter of law in Plaintiff's favor on Claim Three against Defendant Uintah County, which asked whether Plaintiff had established a constitutional claim against Uintah County for adopting a policy or custom that harmed Coby Lee Paugh ("Mr. Paugh"). *Id.* In the alternative, Plaintiff requests a new trial on Claim Three. *Id.* For the reasons stated herein, Plaintiff's motion is DENIED.

I.      **RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Under Federal Rule of Civil Procedure 50, a party may move for judgment as a matter of law "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). When making such a motion, the movant is required to "specify the judgment sought *and the law and facts that*

*entitle the movant to the judgment*." *Id.* (emphasis added). If the motion is denied, the movant may renew the motion by no later than 28 days after the jury was discharged. Fed. R. Civ. P. 50(b).

In their opposition memorandum, the Defendants argue that "[a]s a matter of law, Plaintiff failed to make any evidentiary showing that the evidence was insufficient to support the verdict." ECF No. 237, at 5. The court agrees. As the movant, Plaintiff bears the burden to demonstrate that after "viewing the evidence in the light most favorable to the nonmoving party, all the evidence and the inferences to be drawn from it are so clear that reasonable persons could not differ in their conclusions." *Banki v. Provident Indem. Life Ins. Co.*, 95 Fed. App'x 268, 271 (10th Cir. 2004). Yet Plaintiff's motion fails to establish a basis upon which the court could enter judgment. The parties presented contradictory evidence at trial, which the jury was entitled to weigh in reaching a verdict. Plaintiff's motion, however, is entirely devoid of citations to trial exhibits and cites no actual record testimony. In the face of a motion lacking factual support, the court cannot step in, order the creation of a trial transcript, review that transcript, determine which pieces of testimony and which exhibits are relevant to Plaintiff's third claim, and argue on Plaintiff's behalf that reasonable persons could not return a verdict for the Defendants on that claim. *See* Fed. R. Civ. P. 50(a)(2) (stating that the movant seeking judgment as a matter of law must establish both "the law *and facts* that entitle the movant to the judgment") (emphasis added).

Plaintiff would be entitled to judgment as a matter of law if, "construing the evidence and all inferences in the light most favorable to the nonmoving party, 'the court is certain the evidence conclusively favors [the moving] party such that 'no reasonable jury could 'arrive at a contrary verdict.'" *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1198 (10th Cir. 2015) (citing *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996)). By failing to produce and cite to record testimony and exhibits throughout its motion, Plaintiff failed to meet the burden to prove that this standard

has been met. Plaintiff's renewed motion for judgment as a matter of law is therefore denied. Even if the court reached the merits of Defendants' renewed motion for judgment as a matter of law, the court would deny the motion because the record, viewed in a light most favorable to the Defendants, adequately supports the jury's determination that the Plaintiff is not entitled to relief on Claim Three. *See Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1162 (10th Cir. 2022).

## II.    MOTION FOR A NEW TRIAL

In the alternative, Plaintiff requests a new trial on Claim Three. Plaintiff's motion for a new trial is governed by Federal Rule of Civil Procedure 59. Under that rule, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For the court to grant a motion for a new trial, the "party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983) (citation omitted). Because Plaintiff moves for a new trial based on the sufficiency of the evidence on Claim Three, the court must view the evidence relevant to that claim in the light most favorable to the non-moving parties. *See Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993) (quoting *Ralston Dev. Corp. v. United States*, 937 F.2d 510, 512 (10th Cir. 1991)). The district court has discretion in determining whether to grant a motion for a new trial. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); *see also Hinds v. General Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993) (quoting *Canady v. J.B. Hunt Transport, Inc.*, 970 F.2d 710, 716 (10th Cir. 1992)). Such motions are "not regarded with favor and should only be granted with great caution." *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992) (quoting *United States v. Thornbrugh*, 962 F.2d 1438, 1443 (10th Cir. 1992)).

Plaintiff's alternative motion for a new trial is denied for the same reason that the court denied Plaintiff's renewed motion for judgment as a matter of law: Plaintiff bears the burden as the movant to establish that the jury verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence." *Escue v. N. Okla. College*, 450 F.3d 1146, 1157 (10th Cir. 2006) (quoting *Black v. Hieb's Enters.*, 805 F.2d 360, 363 (10th Cir. 1986)). Plaintiff failed to meet that burden because the motion articulates no evidentiary support for the Plaintiff's argument that "Uintah County policy and customs violated Coby Paugh's constitutional rights" as a matter of law. ECF No. 234, at 13. As a result, Plaintiff's alternative motion for a new trial is denied.

## III.   ATTORNEY FEES

In their opposition memorandum, Defendants state that "[w]ithout factual citations to actual testimony in the record, Plaintiff's motions are frivolous, and the court should award attorney fees for having to defend against such an unsupported motion." ECF No. 237, at 14. In response, Plaintiff argues that attorney fees should not be awarded because the *Defendants* somehow established an adequate factual basis in their opposition memorandum for the court to grant *Plaintiff's* motion. *See* ECF No. 242, at 11 ("The County's multiple admissions of critical fact in its Response demonstrate that Plaintiff's Motion is substantive and supported by both the record and legally sufficient evidence.").

Defendants neither articulate a legal basis for requesting attorney fees in an opposition memorandum nor cite to the relevant statutory authority under which the court could award such fees. The court presumes that Defendants intended to invoke 28 U.S.C. § 1927, which establishes the following standard for counsel's liability for excessive costs:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Alternatively, Defendants' request for attorney fees may have been intended to invoke the district court's inherent power to award attorney fees against counsel for litigation practices adopted in bad faith. *See, e.g., Morris v. Adams-Millis Corp.*, 758 F.2d 1352 (10th Cir. 1985). The court declines to award attorney fees under either standard. No allegation has been made that the Plaintiff obstructed proceedings, made multiplicitous meritless filings, or engaged in other unscrupulous conduct so unreasonable and vexatious as to demand satisfaction in the form of attorney fees. Nor have Defendants alleged that Plaintiff filed the present motion in bad faith. Plaintiff's motion is denied because it lacks adequate factual support. That fact alone is not sanctionable and is insufficient to justify the award of attorney fees. To the extent that Defendants properly moved for an award of attorney fees, the court therefore rejects Defendants' request.

**CONCLUSION AND ORDER**

For the reasons stated here, Plaintiff's renewed motion for judgment as a matter of law, or in the alternative, for a new trial (ECF No. 234) is **DENIED**.

Signed July 31, 2024

BY THE COURT

_____

Jill N. Parrish
United States District Court Judge